# United States Court of Appeals
## For the Seventh Circuit
### Chicago, Illinois  60604

February 24, 2023

**By the Court:**

| | |
|---|---|
| CITY OF EAST ST. LOUIS,<br>    Plaintiff-Appellant,<br><br>No. 22-2905              v.<br><br>NETFLIX, INC., et al.,<br>    Defendants-Appellees. | ] Appeal from the United<br>] States District Court for<br>] the Southern District of<br>] Illinois.<br>]<br>] No. 3:21-cv-00561-MAB<br>]<br>] Mark A. Beatty,<br>]     Magistrate Judge. |

O R D E R

The jurisdictional statement in the appellant's brief does not comply with Circuit Rule 28(a)(1), which provides in part: "If jurisdiction depends on diversity of citizenship, the statement shall identify the jurisdictional amount and the citizenship of each party to the litigation.  If any party is a corporation, the statement shall identify both the state of incorporation and the state in which the corporation has its principal place of business.  If any party is an unincorporated association or partnership the statement shall identify the citizenship of all members."

Appellant claims the district court's jurisdiction is based, in part, on general diversity jurisdiction, citing 28 U.S.C. § 1332(a).  But appellant fails to provide the necessary detail to establish general diversity jurisdiction.  Specifically, appellant must identify all the members of each LLC and their states of citizenship.  As to any corporation, appellant must provide its principal place of business and the state of its incorporation.  *See Dalton v. Teva North America*, 891 F.3d 687, 690 (7th Cir. 2018).

-over-

No. 22-2905                                                             -Page 2-

Further, the jurisdictional statement in appellant's brief does not comply with Circuit Rule 28(a)(2) which requires in part that an appellant identify the following particulars:

> "(v) If the case is a direct appeal from the decision of a magistrate judge, the dates on which each party consented in writing to entry of final judgment by the magistrate judge."

Notwithstanding this requirement, appellant's jurisdictional statement fails to provide the dates that all the parties consented to a final or otherwise appealable decision by a magistrate judge. Indeed, the statement even neglects to mention that a magistrate judge issued the decision that appellant appeals. Accordingly,

IT IS ORDERED that appellant file a paper captioned "Amended Jurisdictional Statement" no later than March 3, 2023, which contains a jurisdictional statement that provides the omitted information noted above and otherwise complies with all the requirements of Circuit Rule 28(a).

IT IS FURTHER ORDERED that the clerk DISTRIBUTE, along with the briefs in this appeal, copies of this order and appellant's "Amended Jurisdictional Statement" to the assigned merits panel.