No. 22-2905

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

———————————

CITY OF EAST ST. LOUIS, Individually and
on behalf of all others similarly situated,

Plaintiff/Appellant,

v.

NETFLIX, INC.; DISNEY PLATFORM DISTRIBUTION, INC.;
APPLE INC.; HULU, LLC; WARNERMEDIA DIRECT, LLC; AMAZON.COM
SERVICES LLC; CBS INTERACTIVE INC.; YOUTUBE LLC;
CURIOSITYSTREAM, INC.; PEACOCK TV, LLC;
DIRECTV, LLC; and DISH NETWORK L.L.C.,

Defendants/Appellees.

———————————

**Appeal from the United States District Court
for the Southern District of Illinois**

———————————

## APPELLEES' JOINT SUPPLEMENTAL MEMORANDUM REGARDING
## SUBJECT-MATTER JURISDICTION

———————————

John P. Jett
Ava J. Conger
K. Bradford Sears
KILPATRICK TOWNSEND
 & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Adam H. Charnes
KILPATRICK TOWNSEND
 & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7106
Facsimile: (214) 481-0517
acharnes@kilpatricktownsend.com

*Counsel for DIRECTV, LLC and WarnerMedia Direct, LLC*

(additional counsel listed in signature block)

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES ................................................................... iii

INTRODUCTION ................................................................................. 1

ARGUMENT ......................................................................................... 3

I.     This Court has subject-matter jurisdiction under the Act. ............................. 3

      A.    The local controversy exception does not apply because no Defendants are Illinois citizens under Section 1332(d)(10). .................. 4

      B.    The local controversy exception does not apply because recent class actions have asserted similar factual allegations against some of the Defendants. ......................................................... 8

II.    While jurisdiction is proper under the Act, Appellees no longer contend diversity jurisdiction alternatively exists under Section 1332(a). .................. 11

CONCLUSION ..................................................................................... 12

CERTIFICATE OF COMPLIANCE .................................................... 16

CERTIFICATE OF SERVICE ............................................................. 17

# TABLE OF AUTHORITIES

## Cases

*Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) ................................. 5

*Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC,* 880 F.3d 668 (4th Cir. 2018) ................................................................................................ 5

*Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905 (S.D. Ind. 2008) ........................................................................................... 1, 5, 6

*BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691 (1st Cir. 2023) ..................... 6

*Calchi v. TopCo Assocs., LLC*, --- F. Supp. 3d ----, No. 22-cv-747, 2023 WL 3863355 (N.D. Ill. June 7, 2023) .......................................................... 7

*Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) .......................................... 4

*Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425 (5th Cir. 2014) ................................................................... 5, 6

*City of Ashdown v. Netflix, Inc.*, 565 F. Supp. 3d 1111 (W.D. Ark. 2021), *aff'd*, 52 F.4th 1025 (8th Cir. 2022) .................................................. 8

*City of Kenner v. Netflix, Inc.*, No. 814-168, 2022 WL 4101746 (La. Dist. Ct. Aug. 25, 2022), *aff'd*, 366 So. 3d 642 (La. Ct. App. 2023) ...................... 9, 10

*City of Lancaster v. Netflix*, No. 21STCV01881, 2022 WL 1744233 (Cal. Sup. Ct. Apr. 13, 2022) .......................................................... 8

*City of Maple Heights v. Netflix, Inc.*, No. 1:20-cv-01872, 2021 WL 2784440 (N.D. Ohio July 2, 2021), *certified question answered*, 215 N.E.3d 500 (Ohio 2022) ....................................................................... 8

*City of New Boston v. Netflix, Inc.*, 565 F. Supp. 3d 865 (E.D. Tex. 2022) ................. 8

*City of Reno v. Netflix, Inc.*, 558 F. Supp. 3d 991 (D. Nev. 2021), *aff'd*, 52 F.4th 874 (9th Cir. 2022) ................................................................ 8

*Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) .................................... 4

*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) ............................ 3

*Dutcher v. Matheson*, 840 F.3d 1183 (10th Cir. 2016) .................................... 10

*Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154 (3d Cir. 2013) ................................. 6

*Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698 (4th Cir. 2010) .............. 5

*Gwinnett County v. Netflix, Inc.*, No. 20-A-07909-10, 2022 WL 678784
  (Gwinnett Cnty., Ga. Sup. Ct. Feb. 18, 2022), *aff'd*, 885 S.E.2d 177
  (Ga. Ct. App. 2023), *cert. denied*, No. S23C0768 (Ga. Sept. 19, 2023) .......... 8, 9

*Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858
  (7th Cir. 2004) ................................................................................................... 11

*Page v. Democratic Nat'l Comm.*, 2 F.4th 630 (7th Cir. 2021) ................................ 5

*Rodas v. Seidlin*, 656 F.3d 610 (7th Cir. 2011) ........................................................ 12

*Schutte v. Ciox Health, LLC*, 28 F.4th 850 (7th Cir. 2022) ................................. 2, 10

*Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233 (10th Cir.
  2015) .................................................................................................................... 6

*Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013) .......................................... 3

**Statutes**

28 U.S.C. § 1332(a) ..................................................................................................... 11

28 U.S.C. § 1332(d)(2) ................................................................................................. 3

28 U.S.C. § 1332(d)(4) .......................................................................................... passim

28 U.S.C. § 1332(d)(4)(A)(i)(II) ................................................................................ 4

28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc) ....................................................................... 1, 7

28 U.S.C. § 1332(d)(4)(A)(ii) .......................................................................... 2, 4, 8, 10

28 U.S.C. § 1332(d)(4)(B) ........................................................................................... 7

28 U.S.C. § 1332(d)(5)(B) ........................................................................................... 3

28 U.S.C. § 1332(d)(6) ................................................................................................. 3

28 U.S.C. § 1332(d)(10) ........................................................................................ passim

Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 .............................. 3

Del. Code Ann. tit. 6, § 18-201 *et seq.*...................................................................5

Del. Code Ann. tit. 8, § 101............................................................................5

**Other Authorities**

S. Rep. 109-14, 2005 U.S.C.C.A.N. 3..................................................................5

# INTRODUCTION

Following oral argument on September 12, 2023, this Court asked the parties to address: (1) the impact of 28 U.S.C. §§ 1332(d)(4) and (d)(10) on subject-matter jurisdiction in this case; and (2) the principal place of business of AT&T Capital Services, Inc. Order, ECF No. 82. Appellees respectfully present this Joint Supplemental Memorandum in response.

The federal courts have subject-matter jurisdiction over this action under the Class Action Fairness Act of 2005 (the "Act") because this putative class action involves minimally diverse parties, at least 100 class members, and an amount in controversy exceeding $5,000,000. The Act's local controversy exception in Section 1332(d)(4) provides no basis to "decline to exercise" jurisdiction for two independent reasons.

*First*, the local controversy exception does not apply because no defendant "is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc). The Act defines the citizenship of unincorporated associations by reference to their principal place of business and the State under whose laws they are organized. *Id.* § 1332(d)(10). The Act thereby makes a "limited legislative modification" to the general rule that an unincorporated association "takes on the citizenship of its members." *Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 908-09 (S.D. Ind. 2008) (Hamilton, J.). Courts of Appeals to address the issue have held that limited liability companies are unincorporated associations under the Act whose citizenship is determined by their principal place of business and the state under whose laws they are organized.

Applying Section 1332(d)(10) here, Defendant WarnerMedia Direct, LLC ("WarnerMedia"), is a citizen only of New York (its principal place of business) and Delaware (under whose laws it is organized). *See* Declaration of Tara L. Smith ("Smith Decl.") (attached) ¶¶ 3-4. Because neither WarnerMedia nor any other Defendant is a citizen of Illinois under the Act, jurisdiction exists under the Act and the local controversy exception to such jurisdiction in Section 1332(d)(4) does not apply.

*Second*, the local controversy exception does not apply because, during the three years preceding this action, many other class actions asserted "the same or similar factual allegations" against multiple Defendants on behalf of other putative classes of cities throughout the country. 28 U.S.C. § 1332(d)(4)(A)(ii). This Court has recently declined to apply the local controversy exception in similar circumstances. *See Schutte v. Ciox Health, LLC*, 28 F.4th 850, 859-62 (7th Cir. 2022).

In response to the Court's request, outside counsel for WarnerMedia has determined that AT&T Capital Services, Inc., had its principal place of business in Illinois at the time this action was filed. Appellees thus withdraw any contention that diversity jurisdiction independently exists under Section 1332(a) and have filed herewith an Amended Jurisdictional Statement relying solely on jurisdiction under the Act. Because the federal courts have jurisdiction over this matter under the Act without the need to establish diversity jurisdiction under the separate requirements of Section 1332(a), the Court should proceed with a substantive disposition of this appeal.

## ARGUMENT

### I.     This Court has subject-matter jurisdiction under the Act.

The "primary objective" of the Class Action Fairness Act is to "ensur[e] 'Federal court consideration of interstate cases of national importance.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (quoting Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 2(b)(2), 119 Stat. 4, 5). To that end, the Act includes a variety of provisions designed to "facilitate adjudication of certain class actions in federal court," including with respect to jurisdiction. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

There is no dispute that Plaintiff City of East St. Louis's putative class action satisfies the Act's basic requirements for federal jurisdiction. The parties are "minimally diverse" because the proposed class Plaintiffs are citizens of Illinois and at least one of the Defendants is not. *Standard Fire*, 568 U.S. at 592 (citing 28 U.S.C. § 1332(d)(2)). The case involves at least 100 class members. *See* 28 U.S.C. § 1332(d)(5)(B); Dkt. 1 ¶¶ 17, 59, 63.[1] And the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6); Dkt. 1 ¶ 17.

Against this broad grant of jurisdiction, the Act limits jurisdiction in certain circumstances. Under the "local controversy" exception in Section 1332(d)(4), courts

---

[1] All "Dkt." citations refer to docket entries in the District Court. The Amended Class Action Complaint (included in the Short Appendix as part of the City's opening brief) contains the same jurisdictional allegations as the initial Complaint, while correcting the names of some parties. *See* App. 33 (Dkt. 167 ¶¶ 4-19, 70-74).

must "decline to exercise jurisdiction" where, among other criteria, "at least 1 defendant" is "a citizen of the State in which the action was originally filed" and no similar class actions have been filed "against any of the defendants" in the previous three years. 28 U.S.C. § 1332(d)(4)(A)(i)(II), (ii).

This local controversy exception does not apply for at least two reasons: (1) under the Act, no Defendant is a citizen of Illinois, and (2) recent class actions have asserted materially identical allegations against various Defendants. As a result, there is jurisdiction under the Act.

## A. The local controversy exception does not apply because no Defendants are Illinois citizens under Section 1332(d)(10).

As part of its more lenient jurisdictional requirements, the Act modifies the general rule that an unincorporated association adopts the citizenship of its members and instead provides in Section 1332(d)(10) that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *Compare, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (setting forth general rule that unincorporated associations take on the citizenship of their members), *and Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (same), *with* 28 U.S.C. § 1332(d)(10). This modification applies "for purposes of . . . subsection [(d)]," 28 U.S.C. § 1332(d)(10), and thus limits the scope of the Act's local controversy exception in Section 1332(d)(4).

This Court has not yet addressed Section 1332(d)(10). But the statute's plain language creates an exception to the general rule of citizenship for unincorporated

associations. The Senate Report confirms that Section 1332(d)(10) was "added to ensure that unincorporated associations receive the same treatment as corporations for purposes of diversity jurisdiction," thus avoiding situations where nationwide unincorporated associations could "never be completely or even minimally diverse." S. Rep. 109-14, 45-46, 2005 U.S.C.C.A.N. 3, 43.

Courts of Appeals have recognized that Section 1332(d)(10) treats unincorporated associations – including limited liability companies – like corporations.[2] The Fourth Circuit, for example, has held that a limited liability company is an "unincorporated association" under Section 1332(d)(10) and – for purposes of determining subject-matter jurisdiction under the Act – is therefore a citizen only of "the State under whose laws it is organized and the State where it has its principal place of business." *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010).

Other Circuits agree. *See, e.g.*, *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting that Section 1332(d)(10) "departs from the [traditional] rule that frequently destroys diversity jurisdiction"); *Erie Ins. Exch. v.*

---

[2] Under Delaware law, limited liability companies are "form[ed]," not incorporated. *Compare* Del. Code Ann. tit. 6, § 18-201 *et seq.* (Del. Limited Liability Company Act), *with* Del. Code Ann. tit. 8, § 101 (Del. Corporations Code). This Court considers limited liability companies unincorporated associations. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021). Other courts have held the same in the context of Section 1332(d)(10). *See Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 673 (4th Cir. 2018) (Section 1332(d)(10) applies to "unincorporated associations – including limited liability companies"); *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 426 n.2 (5th Cir. 2014) (same); *Bond*, 571 F. Supp. 2d at 909 (same).

*Erie Indem. Co.*, 722 F.3d 154, 161 n.7 (3d Cir. 2013) (noting that the Act "itself evinces an intent that suits by unincorporated associations be treated like suits by corporations" (citing 28 U.S.C. § 1332(d)(10))); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015) (noting that Congress "prescribed a different rule as to [the citizenship of] unincorporated associations" for purposes of the Act in Section 1332(d)(10)); *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 n.7 (1st Cir. 2023) ("[I]n certain class actions, an unincorporated entity does not take the citizenship of all of its members but instead is considered 'a citizen of the State where it has its principal place of business and the State under whose laws it is organized.'" (quoting 28 U.S.C. § 1332(d)(10))); *Cedar Lodge*, 768 F.3d at 426 n.2 (under the Act, "the defendant L.L.C.'s are citizens of Delaware and Illinois; the district court incorrectly applied a non-CAFA standard").

District courts in this Circuit have also concluded that, under Section 1332(d)(10), a limited liability company's citizenship for purposes of diversity jurisdiction under the Act is (1) its principal place of business and (2) the State under whose laws it is organized. In *Bond*, for example, the court recognized that Section 1332(d)(10) is a "limited legislative modification of the rule" that an LLC "takes on the citizenship of its members." 571 F. Supp. 2d at 908-09. Departing from that rule for certain class actions, Congress "chose to treat partnerships and limited liability companies and other business entities like corporations for purposes of determining citizenship under" the Act. *Id.* at 909; *see also, e.g., Calchi*

*v. TopCo Assocs., LLC*, --- F. Supp. 3d ----, No. 22-cv-747, 2023 WL 3863355, at \*6 (N.D. Ill. June 7, 2023) (collecting cases).

In this case, Section 1332(d)(10) provides the governing test for determining the citizenship of any unincorporated association Defendants, including WarnerMedia. At the time this action was filed (and presently), WarnerMedia had its principal place of business in New York and was organized under the laws of Delaware. Smith Decl. ¶¶ 3-4. Under Section 1332(d)(10), then, WarnerMedia is a citizen of New York and Delaware for purposes of determining diversity of citizenship here. WarnerMedia is not a citizen of Illinois under the Act, nor is any other Defendant an Illinois citizen.[3]

The local controversy exception to jurisdiction under the Act thus does not apply. Section 1332(d)(4) could apply only where at least one defendant shares the forum-state citizenship of two-thirds of the proposed plaintiff class. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc), (d)(4)(B). Here, the Plaintiff class consists of Illinois municipalities. But because no Defendant is a citizen of Illinois under the Act, Section 1332(d)(4) is inapplicable.

This Court therefore has subject-matter jurisdiction over this action.

---

[3] Appellees have filed herewith an Amended Jurisdictional Statement specifying the citizenship of all Defendants as governed by the Act.

**B.** **The local controversy exception does not apply because recent class actions have asserted similar factual allegations against some of the Defendants.**

Apart from its citizenship component, the local controversy exception to the Act only applies when, "during the 3-year period preceding the filing of th[e] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). Many such actions were filed in the three years preceding the commencement of this proceeding on June 9, 2021, including those resolved by the following cases cited by the district court below:

- Texas: Pl.'s Original Class Action Compl., *City of New Boston v. Netflix, Inc.*, No. 5:20-CV-00135-RWS, 565 F. Supp. 3d 865 (E.D. Tex. 2022) (filed against Hulu and Netflix on Aug. 11, 2020);

- Ohio: Class Action Compl., *City of Maple Heights v. Netflix, Inc.*, No. 1:20-cv-01872, 2021 WL 2784440 (N.D. Ohio July 2, 2021) (filed against Hulu and Netflix on Aug. 21, 2020), *certified question answered*, 215 N.E.3d 500 (Ohio 2022);

- Nevada: Class Action Compl., *City of Reno v. Netflix, Inc.*, No. 3:20-cv-00499-MMD-WGC, 558 F. Supp. 3d 991 (D. Nev. 2021) (filed against Hulu and Netflix on Sept. 2, 2020), *aff'd*, 52 F.4th 874 (9th Cir. 2022);

- Georgia: Pet for. Decl. J. and Other Relief ("Ga. Pet. for Decl. J."), *Gwinnett County v. Netflix, Inc.*, No. 20-A-07909-10, 2022 WL 678784 (Gwinnett Cnty., Ga. Sup. Ct. Feb. 18, 2022) (filed against DIRECTV, DISH, Disney, Hulu, and Netflix on Nov. 23, 2020), *aff'd*, 885 S.E.2d 177 (Ga. Ct. App. 2023), *cert. denied*, No. S23C0768 (Ga. Sept. 19, 2023);

- Arkansas: Compl., *City of Ashdown v. Netflix, Inc.*, No. 4:20-cv-4113, 565 F. Supp. 3d 1111 (W.D. Ark. 2021) (filed against Hulu and Netflix on Dec. 23, 2020), *aff'd*, 52 F.4th 1025 (8th Cir. 2022);

- California: Class Action Compl., *City of Lancaster v. Netflix*, No. 21STCV01881, 2022 WL 1744233 (Cal. Sup. Ct. Apr. 13, 2022) (filed against Hulu and Netflix on Jan. 15, 2021); and

- Louisiana: Class Action Pet. for Decl. Relief and Damages, *City of Kenner v. Netflix, Inc.*, No. 814-168, 2022 WL 4101746 (La. Dist. Ct. Aug. 25, 2022) (filed against Hulu and Netflix on Jan. 22, 2021), *aff'd*, 366 So. 3d 642 (La. Ct. App. 2023).

Each of these prior actions, like the action below, is based on the same central allegation that the Defendants transmit their programming through wireline facilities located at least in part on public rights of way. East St. Louis alleges that "Defendants transmit their programming through wireline facilities located at least in part on public rights-of-way within Illinois cities, villages, incorporated towns, and counties." App. 33 (Dkt. 167 ¶ 2). The Petition for Declaratory Judgment brought by local governments in Georgia, for example, similarly alleges that Defendants "use the local public rights-of-way – and should be subject to franchise fees – because Defendants' streaming content passes through the facilities owned and operated by local Internet service providers ('ISPs')." *Gwinnett County*, 2022 WL 678784, at *7 (citing Ga. Pet. for Decl. J. ¶¶ 45, 73). The plaintiff cities made these identical factual allegations in order to plead that Defendants provide "video service" under the similar video service definitions in the local franchise fee laws of each state under which each action has been filed. And these actions were filed against at least two – and sometimes all five – of the following Defendants here: DIRECTV, DISH, Disney, Hulu, and Netflix.

In addition, as with the amended complaint here, many of the other class action complaints attempt to bypass the "public internet exception" included in various franchise fee statutes by alleging that Defendants' "video programming" is not provided "as part of and via a service that enables users to access services over

the public internet." *Compare* App. 33 (Dkt. 167 ¶ 38) ("None of the Defendants actually provide video programming solely as part of and via [a] service that enables users to access services over the public internet."), *with City of Kenner*, 366 So. 3d at 648 n.6 (quoting plaintiff's allegations that streaming company defendants "are not providing video programming solely as part of a service that enables users to access content, information, electronic mail or other service offered over the public Internet"). These parallel allegations confirm that these class actions involve "the same or similar factual allegations" for purposes of Section 1332(d)(4)(A)(ii).

This Court – just last year – declined to apply the local controversy exception on precisely this basis: i.e., where a preceding class action "assert[ed] 'the same basis of wrongdoing'" under the similar law of a different state. *Schutte*, 28 F.4th at 860 (citing *Dutcher v. Matheson*, 840 F.3d 1183, 1191 (10th Cir. 2016)). That the other actions were brought by different plaintiffs in different states did not matter:

> Schutte relies on the fact that the [preceding class action] complaint alleged violations of Montana law while her own complaint alleges violations of Wisconsin law. We agree with the Tenth Circuit, however, that differences in the legal theories asserted do not place two complaints with similar factual allegations outside the provision's sweep.

*Id.* at 859-60. The amended complaint here – like the class action complaints at issue in *Schutte* – "assert[s] 'the same basis of wrongdoing'" (*id.* at 860) by the Defendants as the preceding class actions; namely, that the Defendants provided "video service" without the required franchise authorization and failed to remit franchise fees to the local government plaintiffs. That this action arose under Illinois law, while the other class actions arose under similar laws of other states,

does not matter. Section 1332(d)(4) does not apply for this reason, too, and the federal courts have subject-matter jurisdiction over this action.

## II.    While jurisdiction is proper under the Act, Appellees no longer contend diversity jurisdiction alternatively exists under Section 1332(a).

Although subject-matter jurisdiction was proper in both the district court and this Court under the Act, Appellees withdraw their contention that diversity jurisdiction independently exists under Section 1332(a).

In response to the Court's second question, outside counsel for WarnerMedia investigated and confirmed that one of its members (through a lengthy chain of other entities), AT&T Capital Services, Inc., was a Delaware corporation that maintained its principal place of business in Illinois at the time this action was filed. Appellees thus no longer contend that complete diversity exists under 28 U.S.C. § 1332(a). *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004) (explaining that an LLC may need to trace its membership "through multiple levels" to establish its citizenship for diversity jurisdiction purposes "if any of its members is itself a partnership or LLC"). Appellees regret this error and are filing herewith an Amended Jurisdictional Statement providing the correct citizenship of each Defendant under the Act.

WarnerMedia was formed on August 5, 2019. At the time this action was filed in June 2021, AT&T Capital Services, Inc., had an ownership interest in WarnerMedia. As of June 2021, AT&T Capital Services, Inc., was a Delaware

corporation with its principal place of business in Illinois.[4] During its investigation in response to the Court's question, outside counsel for WarnerMedia learned that the AT&T employee who compiled the summary of corporate organizational information on which outside counsel relied to provide Plaintiff information for Plaintiff's Amended Jurisdictional Statement made an error in compiling the information from AT&T's database.[5] As described above, this Court's jurisdiction under the Act is not affected.

## CONCLUSION

For the foregoing reasons, this Court has subject-matter jurisdiction over this appeal and should proceed with a substantive disposition.

Respectfully submitted on September 26, 2023.

John P. Jett
Ava J. Conger
K. Bradford Sears
KILPATRICK TOWNSEND
  & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

*/s/ Adam H. Charnes*
Adam H. Charnes
KILPATRICK TOWNSEND
  & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7106
Facsimile: (214) 481-0517
acharnes@kilpatricktownsend.com

*Counsel for DIRECTV, LLC and WarnerMedia Direct, LLC*

---

[4] Although diversity jurisdiction is determined at the time of filing of the litigation (here, June 2021), *see Rodas v. Seidlin*, 656 F.3d 610, 621-22 (7th Cir. 2011), no AT&T entity maintains an ownership interest in WarnerMedia as of 2022.

[5] AT&T Inc. and many other AT&T entities maintain their principal place of business in Texas.

Mary Rose Alexander
Robert C. Collins III
LATHAM & WATKINS LLP
333 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Mary.Rose.Alexander@lw.com
Robert.Collins@lw.com

*/s/ Gregory G. Garre*
Gregory G. Garre
Jean A. Pawlow
Peter E. Davis
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Gregory.Garre@lw.com
Jean.Pawlow@lw.com
Peter.Davis@lw.com

*Counsel for Netflix, Inc.*

*/s/ Helgi C. Walker*
Helgi C. Walker
Jessica L. Wagner
GIBSON, DUNN &
CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 887-3599
Facsimile: (202) 530-9595
hwalker@gibsondunn.com

*Counsel for Amazon.com Services LLC*

*/s/ David P. Murray*
David P. Murray
Matthew W. Johnson
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20006
Telephone: (202) 303-1112
Facsimile: (202) 303-2112
dmurray@willkie.com

*Counsel for Peacock TV, LLC*

Jordan S. Joachim
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
Facsimile: (212) 841-1010
jjoachim@cov.com

*/s/ Neema T. Sahni*
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
nsahni@cov.com

*Counsel for CBS Interactive Inc.*

Marc S. Martin
PERKINS COIE LLP
700 13th Street, NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
mmartin@perkinscoie.com

Kathleen Stetsko
PERKINS COIE LLP
110 North Wacker Drive,
34th Floor
Chicago, IL 60606
Telephone: (312) 324-8400
Facsimile: (312) 324-9400
kstetsko@perkinscoie.com

*/s/ Sunita Bali*
Sunita Bali
Elliott J. Joh
PERKINS COIE LLP
505 Howard Street
Suite 1000
San Francisco, CA 94105
Telephone: (415) 344-7000
Facsimile: (415) 344-7050
sbali@perkinsinscoie.com
ejoh@perkinscoie.com

*Counsel for YouTube LLC*

*/s/ Adam Bowser*
Adam Bowser
Morgan R. Pankow
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006-5344
Telephone: (202) 857-6000
Facsimile: (202) 857-6395
adam.bowser@afslaw.com
morgan.pankow@afslaw.com

*Counsel for CuriosityStream, Inc.*

*/s/ Jennifer Aronoff*
Daniel Campbell
Jennifer Aronoff
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
dcampbell@mwe.com
jaronoff@mwe.com

*Counsel for Apple Inc.*

Darci F. Madden
BRYAN CAVE LEIGHTON PAISNER LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
dfmadden@bclplaw.com

*/s/ Victor Jih*
Victor Jih
Conor Tucker
Kelly H. Yin
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-1650
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
vjih@wsgr.com
ctucker@wsgr.com
kyin@wsgr.com

*Counsel for Hulu, LLC and Disney Platform Distribution, Inc.*

Jared R. Butcher
BERLINER CORCORAN & ROWE LLP
1101 17th St. NW, Suite 1100
Washington, DC 20006
Telephone: (202) 293-5555
jbutcher@bcr-dc.com

*/s/ Pantelis Michalopoulos*
Pantelis Michalopoulos
Matthew R. Friedman
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
pmichalopoulos@steptoe.com
mfriedman@steptoe.com

*Counsel for DISH NETWORK L.L.C*

- 15 -

**CERTIFICATE OF COMPLIANCE**

This submission complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Circuit Rule 32(b) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 and 12-point Century Schoolbook font.

This 26th day of September, 2023.

*/s/ Adam H. Charnes*
Adam H. Charnes
KILPATRICK TOWNSEND
 & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7106
Facsimile: (214) 481-0517
acharnes@kilpatricktownsend.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2023, I electronically filed this Supplemental Memorandum Regarding Subject-Matter Jurisdiction with the Clerk of Court using the CM/ECF System. Counsel for all parties are registered CM/ECF users and will be served with the foregoing document by the Court's CM/ECF System.

/s/ Adam H. Charnes
Adam H. Charnes
KILPATRICK TOWNSEND
 & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7106
Facsimile: (214) 481-0517
acharnes@kilpatricktownsend.com